# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 98-KA-00364-SCT

*LARRY B. McCULLOUGH*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/21/1998 |
| TRIAL JUDGE: | HON. JANNIE M. LEWIS |
| COURT FROM WHICH APPEALED: | YAZOO COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | J. B. GOODSELL |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY:  W. GLENN WATTS |
| DISTRICT ATTORNEY: | JAMES H. POWELL, III |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | REVERSED AND REMANDED - 10/21/1999 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 11/12/99 |

## BEFORE PRATHER, C.J., MILLS AND COBB, JJ.

## MILLS, JUSTICE, FOR THE COURT:

### STATEMENT OF THE CASE

¶1. Larry B. McCullough appeals from his conviction in the Yazoo County Circuit Court for aggravated assault and from his sentence of ten (10) years in the custody of the Mississippi Department of Corrections. On appeal, he assigns as error the following issues, which are taken verbatim from his brief:

> **I. DID THE TRIAL COURT COMMIT REVERSIBLE ERROR IN ALLOWING EVIDENCE THAT THE DEFENDANT HAD SHOT SOMEONE IN AN UNRELATED PAST INCIDENT WHICH OCCURRED WHEN THE DEFENDANT WAS A JUVENILE?**

> **II. DID THE TRIAL COURT ERR IN NOT GRANTING A CONTINUANCE WHEN THE STATE INFORMED THE DEFENSE THAT IT INTENDED TO IMPEACH THE DEFENDANT'S TESTIMONY WITH A PRIOR ACT THAT WAS NOT DISCLOSED TO THE DEFENSE UNTIL THE DAY OF TRIAL?**

> **III. DID THE COURT ERR IN ALLOWING THE STATE TO USE A PRIOR FELONY CONVICTION OF POSSESSION OF COCAINE TO CHALLENGE THE CREDIBILITY OF DEFENSE WITNESS DEVON REESE?**

## STATEMENT OF THE FACTS

¶2. On April 3, 1997, outside the Red Barn Store in Yazoo City, Mississippi, Larry B.McCullough shot Darrell Waller in the leg with a .38 caliber revolver. The store was located across the street from McCullough's home. Darrell Waller and Ted Sibley testified that when McCullough saw them at the store across the street, he crossed the street with Devon Reese and asked Waller, "What's up?" and "Why did you jump on me last night?" According to McCullough, "in the streets, the words, 'What's up?" are fighting words." McCullough was referring to an altercation which took place between McCullough and Sibley the night before at Lisa's Lounge in which Waller alleges he took no part. After those words were exchanged, according to Waller and Sibley, McCullough fired two shots at Waller as Waller sat down in the car in which they were driving.

¶3. McCullough's recollection of the events differs from that of Waller and Sibley. According to McCullough, he and Reese were crossing the street when they saw Sibley. They did not acknowledge Sibley, as there had been an altercation the previous evening and they did not want any trouble. They walked up onto the porch of the Red Barn Store, and Darrell Waller opened the door and came outside onto the porch. According to McCullough, he and Reese stepped to the side to let Waller pass, again trying to avoid any trouble, and Waller said to McCullough, "What's up?" thereby initiating the altercation. McCullough claims that he ran away because he was afraid, and he shot behind him as he ran. He testified that he did not even know anyone had been shot until later when someone told him. However, McCullough also testified that he shot Waller in self-defense as he saw Waller reach for a weapon concealed behind his back. Waller argued that he did not have a weapon, nor did he reach into his back pocket for anything, as alleged by McCullough.

¶4. After a trial in the Yazoo County Circuit Court, McCullough was convicted of aggravated assault and sentenced to serve ten years in the custody of the Mississippi Department of Corrections. It is from that conviction and sentence that he appeals to this Court.

¶5. McCullough first submitted an incomplete brief to this Court which listed issues which he apparently intended to discuss but did not At the direction of this Court, he then submitted his amended brief. We will discuss only the issues presented in the amended brief, as the original brief was not supported by argument or law.

## I. DID THE TRIAL COURT ERR IN ADMITTING EVIDENCE OF McCULLOUGH'S PRIOR BAD ACT?

¶6. McCullough claims that the trial court committed reversible error when it allowed evidence of a prior bad act in violation of M.R.E. 404(b). The evidence elicited from McCullough was evidence of a prior shooting that occurred when he was fourteen. Prior to admission of the testimony, the defense made a motion in limine to exclude the testimony from trial as it was extremely prejudicial and in violation of M.R.E. 404(b). The trial court denied the motion and ruled that it would allow the testimony. Before calling McCullough, the defense again objected to the admission of the evidence of the prior bad act. The court overruled the objection. Prior to presenting the evidence of the prior shooting, McCullough's attorney made clear upon the record first, that he objected to the admission of the evidence and, second, that he would introduce the evidence himself for the purpose of minimizing the damage that the testimony promised his client. The defense then elicited the evidence of the prior shooting on direct examination. The testimony was as follows:

Q. Have you ever shot anybody before?

A. Yes.

Q. How old were you?

A. Around 14 or 15.

Q. Were you prosecuted?

A. No, I didn't go to court or nothing for it, no.

¶7. The prior shooting was also briefly mentioned by the prosecution on cross-examination. That testimony was as follows:

Q. When do you not carry your gun?

A. I never did carry a gun.

Q. You carried it when you shot the guy when you were 15.

A. It wasn't my gun.

¶8. M.R.E. 404(b) states as follows:

**(b) Other Crimes, Wrongs, or Acts.** Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

¶9. The admission of the prior shooting was clearly inadmissible character evidence in violation of M.R.E. 404(b). However, the general rule is that a defendant may not, himself, introduce evidence at trial and then assert on appeal that the admission of the evidence constituted reversible error. *Hobson v. State*, 730 So. 2d 20, 24-25 (Miss. 1998). *Hobson* involved the typical situation wherein the defendant elicits testimony that is otherwise inadmissible and then objects to subsequent allusion to or inquiry into that testimony by the prosecution. *Id.* Hobson elicited inadmissable hearsay testimony on cross-examination. *Id.* Subsequently, on re-direct the prosecution addressed that testimony. *Id.* Hobson then complained on appeal that the testimony should not have been allowed. *Id.* In finding that no error had been committed, the Court correctly stated the general rule as noted above and went on to state: "If the defendant goes fishing in the state's waters, he must take such fish as he catches." *Id.* (citing *Fleming v. State*, 604 So.2d 280, 289 (Miss. 1992). However, the facts surrounding the admission of the testimony in the case *sub judice* are unique. In *Hobson*, there was no motion in limine to exclude the evidence that was eventually brought out by Hobson himself. Hobson had no reason to believe that the prosecution was even going to attempt to introduce the hearsay testimony that Hobson ultimately elicited from the witness; therefore, Hobson had no excuse for his introducing testimony that would otherwise have been inadmissible. In the present case, McCullough made a motion in limine to have the evidence excluded. Once the trial court denied McCullough's motion, McCullough had to proceed according to the court's ruling; that is, McCullough and his attorney based their strategy on the knowledge that the prosecution was going to be allowed to

introduce the evidence of the prior shooting. This strategy dictated that McCullough introduce the evidence himself to limit its effect. Therefore, the admissibility of the testimony in **Hobson** is distinct from the admissibility of the evidence in the case *sub judice*.

¶10. The evidence was obviously in direct violation of M.R.E. 404(b) as he argued in his motion hearing. However, the trial judge ruled that the evidence of the prior shooting, which took place when McCullough was fourteen or fifteen and which would have been prohibited by M.R.E. 609(d) as well had it been prosecuted to a conclusion, would be admissible to impeach because the defendant was "going to take the witness stand to testify. And if the State wants to put his character into evidence at that point by asking him about it, I can't see how you can get around -- uh -- the admissibility under 404(b)." McCullough's attorney replied, "Your Honor, under 404 (b), evidence of other crimes, wrong -", but was interrupted by the court as follows: "Okay, I understand all of that, but that's what - - if you put him on the witness stand to testify and the State asks him about his character, under 404 (b) then it becomes admissible."

¶11. There was obviously a great deal of confusion concerning M.R.E. 404(b) and when evidence of prior crimes is admissible. The dialogue continued as follows:

> MR. GOODSELL [attorney for McCullough]: Okay, is it proof of the motive, opportunity, intent? I mean what -

> MR. HOLMES [assistant district attorney]: Certainly proof of motive, Your Honor. That's exactly over and over and over again Mr. Goodsell has put in front of this jury, "What's the motive? Why? Why did he do it? Why did he do it?" This would be proof of motive.

> MR. GOODSELL: Well, Your Honor, how does, if he has been involved in a shooting when he was 14 years old and was not prosecuted, how does this make him any more or any less likely to have used self-defense than the shooting now?

> THE COURT: If we get to that point, the Court will give a cautionary instruction on what the jury is to use that evidence, how they are to consider that evidence. But once you put him on the witness stand, you open the door for 404 (b).

> MR. GOODSELL: Okay. One other thing, Your Honor, in addition, we would ask for a continuance, because we'd like to find the victim of this first one, or alleged victim, it was not prosecuted, so we could call him to testify. Because what I understand from the facts, the guy pulled a knife on Larry, and Larry did shoot him.

> THE COURT: Objection is overruled. Anything further? (Pause) Bring in the jury.

¶12. Although the evidence was eventually admitted by McCullough, Goodsell, McCullough's attorney, made clear upon the record that his intent in entering the evidence himself was a strategic move exercised only due to the ruling of the court that the evidence would be admitted over objection. The strategy was to minimize the certain prejudice that would befall his client by the introduction of the prior shooting. Goodsell's explanation to the court was as follows:

> MR. GOODSELL: Your Honor, it is my understanding, like in the previous witness, that the State intends for, I suppose, impeachment purposes, to ask the defendant has he ever been involved in shooting someone before, which I believe he's going to answer in the affirmative. I am going to ask

that on direct examination and, but for the ruling of the Court, I would not ask that. So I just want to make that clear, and I still object to the question being or that the evidence being put before the jury is not probative as to this guilt or innocence.

¶13. As previously stated a defendant generally cannot use as grounds for appeal the improper introduction of evidence which he, himself, introduced. *__Hobson v. State__*, 730 So. 2d at 24-25. However, according to the Mississippi Rules of Professional Conduct 1.3, it is an attorney's duty to zealously defend his or her client. Once the trial court put the defense counsel in that posture, this Court should not, by procedurally barring the issue, penalize the defense for attempting to minimize the damage done by the improper evidence. Therefore, we address the issue on the merits.

¶14. The trial court ruled that evidence of an identical prior bad act was admissible in direct violation of M.R.E. 404(b). In the case *sub judice*, McCullough was tried for shooting a man, and he alleged the shots were fired in self defense. The prior bad act introduced into evidence over objection in the trial court was a shooting that took place when McCullough was fourteen or fifteen years old. In that shooting McCullough also claimed the shots were fired in self defense. The evidence of the prior shooting plainly does not fit within an exception to the M.R.E. 404(b) bar on introduction of such evidence.

¶15. In addition to the fact that the evidence should have been excluded under Rule 404(b), it is also readily apparent that the trial court committed error by not subjecting the evidence to scrutiny under Rule 403. Rule 403 states that:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . .

The Court has stated:

> Evidence admissible under Rule 404(b) is subject to the prejudice test of Rule 403, *and a trial court is required to consider whether the probative value of the questionable evidence is outweighed by undue prejudice*. Rule 403 is an ultimate filter through which all otherwise admissible evidence must pass.

*Jenkins v. State*, 507 So.2d 89, 93 (Miss. 1987) (emphasis added).

¶16. In the case *sub judice,* the record does not disclose that the trial court judge considered whether the probative value of the prior shooting was substantially outweighed by the undue prejudice that might result if it were introduced. Therefore, we can only assume that the evidence was not filtered through Rule 403 before being ruled admissible. Since the evidence should not have been allowed under Rule 404(b) in the first place, it is an elementary conclusion that the evidence would not have been permitted under Rule 403. Therefore, the introduction of the evidence was reversible error.

### II. DID THE TRIAL COURT ERR IN NOT GRANTING A CONTINUANCE WHEN THE STATE INFORMED THE DEFENSE THAT IT INTENDED TO IMPEACH THE DEFENDANT'S TESTIMONY WITH A PRIOR ACT THAT WAS NOT DISCLOSED TO THE DEFENSE UNTIL THE DAY OF TRIAL?

¶17. On the day of the trial, the prosecution informed McCullough that it intended to impeach McCullough's testimony using evidence of the prior shooting discussed in issue one. As stated above, the prior shooting

was a youth court matter that was never prosecuted. McCullough objected to the use of the evidence and requested a continuance. The State claimed that it had learned of the prior shooting only that morning from Detective Wallace, and the evidence was not discoverable anyway.

¶18. McCullough objected to the introduction of this evidence on the basis of unfair surprise pursuant to UCCCR 9.04, in addition to his initial objection to the substance of the evidence.

> In *Duplantis v. State*, 644 So. 2d 1235 (Miss. 1994), this Court stated:
>
> *Box v. State*, 437 So. 2d 19 (Miss. 1983) (Robertson, J., specially concurring), first set forth the procedure trial courts should follow when confronted with a discovery violation. Miss. Unif. Crim. R. Cir. Ct. Prac. 4.06 [now Uniform Circuit and County Court Rule 9.04] now reflects the *Box* procedure. This procedure is equally applicable in capital cases.
>
> When faced with previously undisclosed evidence to which the defendant has objected, the trial court should give the defendant a reasonable opportunity to familiarize himself with the evidence. If the defendant thereafter believes he may be prejudiced by admission of the evidence because of his lack of opportunity to prepare to meet it, he must request a continuance. Should the defendant fail to request a continuance, he has waived the issue. If he indeed requests a continuance, the state may opt to proceed without the undisclosed evidence, else the trial court must grant the continuance. *Failure to follow the Box guidelines is prejudicial error, requiring reversal and remand.*

*Snelson v. State*, 704 So. 2d 452, 458 (Miss. 1997) (citations omitted).

¶19. Since the defense was not presented with the evidence until the morning of trial, and McCullough requested a continuance which was denied, this Court finds prejudicial error.

### III. DID THE COURT ERR IN ALLOWING THE STATE TO USE A PRIOR FELONY CONVICTION OF POSSESSION OF COCAINE TO CHALLENGE THE CREDIBILITY OF DEFENSE WITNESS DEVON REESE?

¶20. McCullough asserts that the attack upon defense witness, Devon Reese, by use of a prior conviction was improper and in violation of M.R.E. 609(a). The testimony elicited from Reese was as follows:

> Q. Have you ever been convicted of a crime?
>
> A. Yeah.
>
> Q. And what was that?
>
> A. Uh - - possession of cocaine.

¶21. Although McCullough did not preserve the issue for appeal due to his failure to make a contemporaneous objection, this Court will discuss the issue anyway. *Johnson v. State*, 477 So.2d 196 (Miss.1985).

¶22. M.R.E. 609(a) states as follows:

> **(a) General Rule.** For the purpose of attacking the credibility of a witness, evidence that he has

been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect on a party or (2) involved dishonesty or false statement, regardless of the punishment.

¶23. The official comment to M.R.E. 608 discusses the situation at bar as follows:

Subsection [608](b) prohibits the impeachment of a witness by specific acts of conduct, but it provides two important exceptions. First, a witness may be impeached by a criminal conviction. Rule 609 governs the kinds of criminal convictions which may be used to attack a witness. Mississippi has traditionally allowed a witness to be impeached by evidence of a criminal conviction but not by other specific acts. *See Vick v. Cockran*, 316 So. 2d 242 (Miss. 1975); *Allison v. State*, 274 So. 2d 678 (Miss. 1973). Details of the crime may not be elicited.

¶24. McCullough asserts that *Peterson v. State*, 518 So. 2d 632 (Miss. 1987) requires more than a simple statement that the probative value of the evidence outweighs the prejudicial value. *Peterson* laid out the factors that a trial judge should consider before admitting M.R.E. 609 evidence. *Peterson*, 518 So. 2d at 636. This Court specifically stated that the trial judge "must specifically weigh, on-the-record, those factors which make the conviction probative against those factors which make the evidence of the conviction prejudicial." However, the case *sub judice* may be distinguished from *Peterson* in several respects. In *Peterson*, the Court found that the impeachment evidence was so similar to the crime for which Peterson was being tried that the prejudicial effect outweighed the value of the conviction for impeachment purposes. McCullough's witness, Devon Reese, was impeached with a prior conviction for possession of cocaine. McCullough was on trial for aggravated assault. Certainly, these two crimes are not even remotely similar. Furthermore, to compare a defense witness's prior convictions to the crime or crimes for which the defendant is being tried is to confuse the issue. It is the proverbial mixing of apples and oranges. Indeed, this point leads to the second distinction. In *Peterson*, it was the defendant's own prior convictions which were admitted. In this case, it was a witness for the defense whose testimony was impeached by the evidence of a prior conviction of that witness, not by prior convictions of the defendant. Finally, and most importantly, although the trial judge did not specifically state that she was considering the *Peterson* factors, all of the factors set out in *Peterson*, with the exclusion of those that would pertain to admission of evidence impeaching a defendant's testimony, were discussed at length before the judge by counsel for both parties. We find that the probative value of the evidence sufficiently outweighed the prejudicial value, and the trial judge was correct in so finding. Therefore, we hold that this issue is without merit.

## CONCLUSION

¶25. Because of the trial court's admission of evidence in direct violation of M.R.E. 404(b), and failure to grant a continuance, the judgment below and McCullough's conviction and sentence are reversed and this case is remanded to the Yazoo County Circuit Court for a new trial.

¶26. **REVERSED AND REMANDED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, McRAE AND WALLER, JJ., CONCUR. SMITH, J., CONCURS IN PART AND**

## DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY COBB, J.

## SMITH, JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:

¶27. I agree with the majority regarding the issue of the State's use of the prior felony conviction of Devon Reese. However, my views are contrary to those of the majority regarding the remaining two issues of the trial court's denial of defense counsel's motion in limine and request for continuance. These issues are procedurally barred due to waiver.

¶28. The State first learned of the prior shooting incident, which was a youth court matter for which McCullough was never prosecuted, on the morning of trial and immediately advised the defense. McCullough received the information regarding the prior shooting incident from the State earlier in the morning of the trial, yet he waited until the State had presented its case-in-chief and rested and until his motion for directed verdict was overruled, prior to seeking a motion in limine and moving for a continuance. However, even on the merits the issues fail. Therefore, I am compelled to dissent.

¶29. Defense counsel, in its motion in limine, objected to the use of this evidence on the grounds that it was prejudicial and inadmissible character evidence. The prosecution stated that it agreed with the motion, and that, "we're not going to put that in through an independent witness, Your Honor. It would simply be, as you have stated, on cross-examination when and if it comes up. It's certainly not anything that's discoverable." The court agreed and responded, "and I would not allow it through an independent witness." The State explained that if, in his testimony, McCullough put the character of the victim in question in claiming self-defense in the case at bar, the prosecution should be allowed to bring in McCullough's own character. Defense counsel asked, "[H]ow does [McCullough's] character come up when it's the victim that they're talking about." The prosecution responded that if McCullough, in his testimony, claims he shot the victim in self-defense, and puts the character of the victim in issue by claiming that the victim was the initial aggressor, then the prosecution should then be able to question McCullough's own character. The following dialogue then took place between the trial judge and the prosecution:

> The Court: So what the State is saying is that he would only get into that to rebut any testimony [McCullough] has to his good character?

> Prosecution: Right.

> The Court: Okay.

> Prosecution: Not necessarily to the fact that he thinks this time it was self-defense, but if he says, testifies to past acts or whatever of this man . . ."

> The Court: Under that circumstance, it's admissible, if that's what you're trying to [do].

> Defense: Your Honor, now, we're talking about the victim . . ., and that's what they're talking about is the victim's propensity to violence or peace. Now, if we raise the victim's propensity to violence or peace by saying this is self-defense, then we can go into the victim's character. But nobody, and we're

not putting on any character evidence concerning the defendant . . . All we're putting on is saying that why he did what he did was he thought he was acting in self-defense, which - uh - that's not a character trait. . . .

¶30. The trial judge ruled that if McCullough made the character of the victim an issue in claiming self-defense, only then would she allow the State to question McCullough regarding the prior shooting incident. The trial judge further stated she would also give the jury a limiting instruction. The judge also denied defense counsel's belated request for a continuance to enable it to prepare to rebut the evidence.

¶31. Defense counsel, however, decided to preempt the prosecution and introduced the evidence of the prior shooting by McCullough themselves on direct examination of McCullough. Also, McCullough, did in fact, put the character of the victim into evidence. McCullough testified, *inter alia*, " Well, I know what type of person - - you know - - and people he hung around. I know he will do something."

¶32. The trial judge ultimately gave a limiting instruction, which cautioned the jury to consider any information about prior acts by McCullough only as relating to motive, opportunity, intent, preparation, plan, or knowledge and not "as touching on the guilt or innocence" on the charge of shooting the victim in the case at hand.

¶33. The majority holds that the trial court committed reversible error in denying McCullough's motion in limine in violation of M.R.E. Rule 404(b) and in denying McCullough's for a continuance. Based on the following analysis, I would affirm, and I thus respectfully dissent.

### Issue II

¶34. McCullough argues on appeal, and the majority agrees, that the trial court committed reversible error when it allowed evidence of the prior bad act in violation of M.R.E. 404(b). Rule 404(b) states:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

This Court has consistently held, in accordance with Rule 404(b), that the admission of evidence of unrelated crimes or acts for the purpose of showing the accused acted in conformity therewith to be reversible error. *Smith v. State*, 724 So. 2d 280, 313-14 (Miss. 1998) (*citing Parker v. State*, 606 So. 2d 1132, 1136 (Miss. 1992); *Rose v. State*, 556 So. 2d, 728 (Miss. 1990); *Houston v. State*, 531 So. 2d 598, 605 (Miss. 1988)). That was not the purpose for the introduction of such evidence in the case at bar. The evidence of the prior shooting was admissible as evidence of motive, as the prosecution stated in its argument against McCullough's motion in limine and as the trial judge agreed. McCullough's defense is self-defense, which is, in itself, a question of motive. The prior incident involved the same crime for which McCullough stands trial in this case. The fact that McCullough shot someone at an earlier date is highly relevant to his propensity for violence, which he places in issue when he claims self-defense.

¶35. This Court has required that when evidence is offered under Rule 404(b) and there is an objection which is overruled, the objection is deemed an invocation of the right to a balancing analysis under Rule 403 and a limiting instruction. *Robinson v. State*, 735 So. 2d 208, 210 (Miss. 1999) (*citing Smith v. State*, 656 So. 2d 95, 100 (Miss. 1995)). Here, the trial judge's actions clearly demonstrate that she weighed the

prejudicial and probative value of the evidence in that she stated she would give a cautionary instruction should one be necessary. In fact, she ultimately gave a limiting instruction which complies with our case law and Rule 403.

¶36. Furthermore, as also discussed between counsel and the court at the time the defense presented its motion in limine, the trial judge correctly ruled that the evidence was only admissible to rebut McCullough's claim of self-defense should McCullough raise the victim's character in arguing the victim was the initial aggressor. Rule 404(a)(2) states:

> Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except:

> . . . (2) Character of Victim. Evidence of a pertinent trait of character of the victim of the crime offered by an accused, or by the prosecution to rebut the same, or evidence of a character trait of peacefulness of the victim offered by the prosecution to rebut evidence that the victim was the first aggressor; ....

With regard to character evidence where the defendant claims he acted in self-defense, this Court has stated:

> The general rule is that character evidence may not be admitted to prove action in conformity therewith. Rule 404, M.R.E. However, Rule 404(a)(2) specifically authorizes inquiry by a criminal defendant into a victim's character. This exception enables defendants to prove that the victim was the initial aggressor and that the defendant acted in self-defense. Comment, Rule 404, M.R.E. Once Rule 404 has been satisfied, character evidence in the form of opinion or reputation evidence is admissible without further restriction. Rule 405(a), M.R.E. However, when character evidence passes through Rule 404(a)(2), and is offered in the form of specific instances of conduct, it is admissible only on cross-examination. Rule 405(a).

*Newsom v. State*, 629 So. 2d 611, 613-14 (Miss. 1993).

¶37. In *Heidel v. State*, 587 So. 2d 835, 843-47 (Miss.1991), this Court noted that past acts are admissible in cases where a defendant alleges self-defense, concluding that the character trait of violence is an "essential element" of the defense under 405(b). Rule 405(b) states: "In cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of his conduct." M.R.E. 405(b). This Court has explained that Rule 405(b) allows specific instances of conduct to be admitted so long as its restriction is satisfied, without regard to whether the evidence was first admissible under Rule 404. *Newsom*, 629 So. 2d at 614. Rule 405(b) admits evidence independently of Rule 404. *Id.*

¶38. The State urged and the trial judge correctly recognized that should McCullough place in issue the character of the victim as first aggressor under M.R.E. 404(a)(2), McCullough by the same token necessarily placed in issue his own character for peaceableness. The State is thus permitted to cross-examine McCullough regarding the prior shooting incident as such is relevant to McCullough's peaceableness.

¶39. McCormick writes, "[W]hen there is a dispute as to who committed the first act of aggression, most courts . . . admit evidence of the good or bad character of both parties for peaceableness as shedding light

on their probable acts." 1 McCormick on Evidence, § 193 at 820, n.5 (4th ed. 1992). The Maryland Court of Appeals has explained that, in an action for assault, the character of the parties is placed in issue by the nature of the proceeding itself, as where there is a dispute as to who was the first aggressor. *Bugg v. Brown*, 246 A.2d 235, 239 (Md. 1968). Likewise, the Georgia Court of Appeals has held that in circumstances where each party testifies that the other assaulted him, the characters of both parties for peaceableness and violence are in issue. *Stanley v. Willingham*, 91 S.E.2d 791 (Ga.App. 1956). In *Carrick v. McFadden*, 533 P.2d 1249, 1252 (Kan. 1975), the Kansas Supreme Court noted that evidence of the character of the parties for peaceableness is competent to resolve the question as to which was the aggressor where such is disputed and the defendant pleads self-defense.

¶40. Returning to the case *sub judice*, McCullough places his character in issue by arguing that the victim was the initial aggressor. McCullough's propensity for violence or peaceableness is an essential element of his defense, and, thus, according to Rule 405, evidence of the prior shooting may be inquired into on cross-examination of McCullough. As noted previously, the evidence is admissible under Rule 405, independent of Rule 404(b).

¶41. Furthermore, the defense has waived its objection. The majority correctly states the general rule that a defendant may not, himself, introduce evidence at trial and then assert on appeal that the admission of the evidence constituted reversible error. *Hobson v. State*, 730 So. 2d 20, 24-25 (Miss. 1998). However, the majority states that because the trial judge denied defense counsel's motion in limine, McCullough was required to proceed according to the court's ruling and was forced to make a tactical decision that required defense counsel to preempt the prosecution's introduction of the evidence by introducing it themselves. The majority opines that because under Mississippi Rules of Professional Conduct 1.3 an attorney has a duty to zealously defend his client, this Court cannot penalize the defense for attempting to minimize the damage done by the evidence.

¶42. Though honorably sympathetic, this conclusion has no support in the law. McCullough's remedy from an allegedly improper evidentiary ruling was to attempt to rebut any evidence the prosecution might bring pursuant to that ruling and then raise the ruling on appeal. Instead, defense counsel chose, as a matter of trial strategy, to introduce the evidence themselves. Mistakes in matters of trial strategy, however, much to the chagrin of trial lawyers everywhere, are not appealable. Pursuant to this Court's holding in *Hobson*, defense counsel, having introduced the evidence of the prior shooting, thus "opening the door," cannot object on appeal to the State's use of that evidence. *See Fielder v. Magnolia Beverage Co.*, No. 97-CA-00172-SCT, 1999 WL 250981 at *4 (Miss. Apr. 29, 1999); *Puckett v. State*, 737 So. 2d 322 (Miss. 1999).

¶43. It should also be noted that the State's use of the evidence of the prior shooting is not objectionable on appeal. The State made two references to the prior conviction on cross-examination of McCullough and subsequent to defense counsel's having introduced the prior incident. The first reference occurred when the State asked McCullough, "Paid your way out of the last time you shot somebody, didn't you?" Defense counsel objected to this question, and the trial judge sustained the objection. The judge immediately instructed the jury to disregard the question thus curing the error.. A presumption exists that the trial court cures an error when an isolated prejudicial comment or question by the prosecution is objected to and sustained, and the trial court instructs the jury to disregard the comment or question. *King v. State*, 580 So. 2d 1182, 1189 (Miss. 1991)).

¶44. The second reference occurred as follows:

Q: When do you not carry your gun?

A: I never did carry a gun.

Q: You carried it when you shot the guy when you were 15.

A: It wasn't my gun.

Defense counsel objected, and the trial judge correctly overruled the objection. Rule 608(b) states that "specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility . . . may, in the discretion of the court, if probative of truthfulness of untruthfulness, be inquired into on cross-examination of the witness (1) concerning his character for truthfulness of untruthfulness . . . ." The State's questions were a proper method of impeaching the veracity of McCullough's testimony.

## Issue III

¶45. The majority fails to address the fact that in order to preserve for appeal the issue of the trial court's denial of defense counsel's request for a continuance, McCullough is required to include the denial of the continuance in his motion for new trial. *Morgan v. State*, 98-KA-00251-SCT, 1999 WL 628150 at *7 (Miss. Aug. 19, 1999) (*citing* **Pool v. State**, 483 So. 2d 331, 336 (Miss. 1986). *See also* **Jackson v. State**, 423 So. 2d 129 (Miss. 1982). McCullough's motion for new trial and for judgment notwithstanding the verdict makes no mention of the denial of a continuance. Because the issue was not properly preserved, this issue is not properly before this Court and is procedurally barred.

¶46. Furthermore, McCullough waived the issue before the trial court by not timely requesting a continuance when his counsel first learned about the prior shooting from the State and thus has waived it for purposes of this appeal. The trial in this case was a one-day proceeding. By the noon recess, the State had closed its case-in-chief and the defendant's motion for directed verdict had been denied. At 1 p.m., when the court reconvened, the defense presented its motion in limine, and, upon its denial, requested a continuance. In requesting a continuance, defense counsel stated, "[T]his is the first I heard of [the prior shooting] this morning." Though the record does not contain an exact time when defense counsel obtained the information from the State regarding the prior shooting, it is clear from this statement that the defense learned of the information at some time earlier in the proceeding that morning and certainly prior to the noon recess, as had the State so learned for the first time.

¶47. This Court has held that such a motion must be made immediately upon counsel's learning of its need for a continuance or else it is waived. *Eakes v. State*, 665 So. 2d 852 (Miss. 1995). The defendant in *Eakes* was convicted of sexual battery. On appeal, Eakes claimed that the trial court erred in refusing to grant a one-week continuance to allow Eakes to examine DHS records not tendered until just prior to trial. The chancellor's order authorizing disclosure of the youth court records was not obtained by the district attorney until the morning of trial at 8:30 a.m. The district attorney in turn obtained the records, photocopied them, and delivered them to defense counsel at approximately 9:15 a.m. However, instead of requesting a continuance at that time, defense counsel announced he was ready for trial, proceeded through voir dire, and questioned two witnesses before making his motion for a continuance. This Court held that Eakes's delay in requesting a continuance until after the trial had begun waived any error and prevented reversal. *Id.* at 863. Likewise, in the case at bar, McCullough's delay in requesting a continuance until after the State had

completed its case-in-chief and the trial judge had denied McCullough's motion for directed verdict and motion in limine waived any error and prevents reversal on this issue.

¶48. Notwithstanding the procedural prohibition, this allegation of error also fails on the merits. On the morning that the State closed its case-in-chief, the prosecution was made aware of the prior shooting incident. On that same morning, the prosecution informed the defense that it intended to impeach McCullouch's testimony on cross-examination. That afternoon, subsequent to making its motion for directed verdict, the defense objected to the prosecution's use of the evidence and moved for a continuance.

¶49. The majority relies incorrectly on the standard set forth by this Court in *Box v. State*, 437 So. 2d 19 (Miss. 1983). In *Box*, this Court set forth the procedure to be followed by trial courts when confronted with a <u>discovery violation</u>:

> When faced with previously undisclosed evidence to which the defendant has objected, the trial court should give the defendant a reasonable opportunity to familiarize himself with the evidence. If the defendant thereafter believes he may be prejudiced by the admission of the evidence because of his lack of opportunity to prepare to meet it, he must request a continuance. Should the defendant fail to request a continuance, he has waived the issue. If he indeed requests a continuance, the state may opt to proceed without the undisclosed evidence, else the trial court must grant the continuance. Failure to follow the *Box* guidelines is prejudicial error, requiring reversal and remand.

*Duplantis v. State*, 644 So. 2d 1235, 1249-50 (Miss. 1994). All three cases cited by the majority involve discovery violations. *Box v. State*, 437 So. 2d 19 (Miss. 1983), involved the failure of the State to divulge the identity of a key witness until the evening before trial where the State had at least constructive knowledge of that witness nine months prior to trial. Such was a violation of <u>Rule 9.04(A)(1) of the Uniform Circuit and County Court Rules</u> (previously Mississippi Uniform Criminal Rules of Circuit Court Practice). In *Duplantis v. State*, 644 So. 2d 1235 (Miss. 1994), the State failed to supply the defense with discovery containing the substance of the defendant's statement to police - clearly a violation of <u>Rule 9.04(A)(2)</u>. Likewise, in *Snelson v. State*, <u>704 So. 2d 452, 458 (Miss. 1997)</u>, this Court held that the trial court committed reversible error when it allowed the prosecution to introduce the statement of the defendant to his accomplice that anyone on the premises they intended to burglarize would have to be "terminated." Again, such was clearly a violation of <u>Rule 9.04(A)(2)</u>.

¶50. The procedure stated in *Box* and utilized in *Duplantis* and *Snelson* is inapplicable in the case *sub judice* because, here, the State committed no discovery violation. <u>Rule 9.04(A)</u> requires that the prosecution disclose to the defense each of the following:

> 1. Names and addresses of all witnesses in chief proposed to be offered by the prosecution at trial, together with a copy of the contents of any statement, written, recorded or otherwise preserved of each such witness and the substance of any oral statement made by any such witness;

> 2. Copy of any written or recorded statement of the defendant and the substance of any oral statement made by the defendant;

> 3. Copy of the criminal record of the defendant, if proposed to be used to impeach;

> 4. Any reports, statements, or opinions of experts, written, recorded or otherwise preserved, made in connection with the particular case and the substance of any oral statement made by any such expert;

5. Any physical evidence and photographs relevant to the case or which may be offered in evidence; and

6. Any exculpatory material concerning the defendant.

¶51. Clearly, the evidence at issue was not discoverable under Rule 9.04, and the State's failure to disclose such to the defense is thus not a discovery violation to which the **Box** procedure applies. It should be noted that subsection (3) does not apply because the defendant was never convicted for the shooting incident at issue, and, in fact, the incident never went to court. Also, the prosecution had no duty to supplement its witness list as it did not propose to offer witness testimony as to the incident, but planned only to inquire into the matter on cross-examination of the defendant. The trial judge even curtailed the State further by only allowing cross on the issue is the McCullough testified and raised the character of the victim.

¶52. Furthermore, Rule 9.04(A) requires that items in the above list be disclosed only where such evidence is in the State's possession, custody, or control, "the existence of which is known or by the exercise of due diligence may become known to the prosecution." The State informed the trial court that it had not been made aware of the prior shooting incident until the day it rested its case-in-chief, the same day on which it informed the defense of the evidence. Thus, even if this were information the State is required to disclose under 9.04(A), which it is not, the State cannot disclose that which it does not know.

¶53. The **Box** procedure, utilized in cases of discovery violations, is thus an incorrect standard to which this Court should hold the trial court. Rather, the correct standard by which this Court should review the trial court's denial of McCullough's motion for continuance is abuse of discretion. This Court has held time and time again that the grant or denial of a continuance lies within the sound discretion of the trial court. *Walker v. State*, 729 So. 2d 197, 199 (Miss. 1998) (*citing **Hughey v. State***, 512 So. 2d 4, 6 (Miss. 1987); ***Gates v. State***, 484 So. 2d 1002, 1006 (Miss. 1986)). *See also **Atterberry v. State***, 667 So. 2d 622 (Miss. 1995). "It is well established in Mississippi that trial judges have broad discretion in granting a continuance."***Carter v. State***, 473 So. 2d 471, 475 (Miss. 1985) (*citing **Greene v. State***, 406 So. 2d 805 (Miss. 1981); ***Norman v. State***, 385 So. 2d 1298 (Miss. 1980)); Miss.Code Ann. § 99-15-29 (1994) ("The court may grant or deny a continuance, in its discretion. . . .")). This Court has stated that it will not reverse a case based solely on a denial of a continuance unless the defendant shows not only an abuse of discretion, but also that the abuse actually worked a manifest injustice in his case. ***Morris v. State***, 595 So. 2d 840, 844 (Miss. 1991)) (*citing **Arteigapiloto v. State***, 496 So. 2d 681, 685 (Miss. 1986)). *See also* Miss.Code Ann. § 99-15-29 (Supp. 1994) ("A denial of the continuance shall not be ground for reversal unless the supreme court shall be satisfied that injustice resulted therefrom.").

¶54. Thus, in order for this Court to reverse, McCullough must show that a manifest injustice resulted from the denial of the continuance. ***Lambert v. State***, 654 So. 2d 17, 22 (Miss. 1995). McCullough makes no showing that he would have been better able to meet the prosecution's evidence given more time. Even a wrongful denial of continuance, which is not present here, does not mandate reversal absent a showing of injury. ***Plummer v. State***, 472 So. 2d 358 (Miss. 1985). Defense counsel merely asserts that it was "ambushed" by the State's use of the evidence and was forced "to make important strategic decisions on the fly." McCullough has not demonstrated that the failure to continue the case deprived him of a means of rebutting the State's cross-examination of the defendant. McCullough presents nothing in this appeal which indicates the defense would have been handled any differently had the continuance been granted. Therefore, even assuming for argument's sake the denial was not proper, McCullough has failed to show that he did

not receive a fair trial.

¶55. Based on the foregoing analysis, I would affirm.

**COBB, J., JOINS THIS OPINION.**