# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2007-KA-01572-SCT

*TOMARCUS MONTE FULKS*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/01/2007 |
| TRIAL JUDGE: | HON. JAMES T. KITCHENS, JR. |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF INDIGENT APPEALS |
| | BY: W. DANIEL HINCHCLIFF |
| | LESLIE S. LEE |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: LAURA HOGAN TEDDER |
| DISTRICT ATTORNEY: | FORREST ALLGOOD |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | REVERSED AND REMANDED–07/23/2009 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE CARLSON, P.J., RANDOLPH AND KITCHENS, JJ.**

**KITCHENS, JUSTICE, FOR THE COURT:**

¶1.     This is a case involving the State's duty to disclose evidence to criminal defendants under Rule 9.04 of the Uniform Rules of Circuit and County Court Practice. Finding that the State violated its obligation in this case, we reverse the convictions and remand for a new trial.

¶2.     In February 2007, a Lowndes County Circuit Court jury convicted Tomarcus Fulks of armed robbery and aggravated assault in connection with a July 2005 house break-in. One of the State's key witnesses was Joshua Glenn, who originally told police that he and Fulks

had not participated in the robbery but merely had sat in a car while recent passengers, unbeknownst to Glenn and Fulks, orchestrated and committed the crime. This account was memorialized and submitted to defense counsel in discovery.

¶3.    On the day before trial, though, the prosecution advised defense counsel for the first time that Glenn instead would testify that he had seen Fulks kick in the back door of the home, lead the robbery party inside, and then quickly escape the house, followed by the other participants and in possession of some sort of electronic device from the residence. For its part, the prosecution contended that it had provided a complete discovery packet to Fulks's previous attorney and that any material lost from that packet could not be attributed to a failure on the part of the State. Fulks's trial attorney, Jeffrey Hosford of Starkville, countered that the substance of Glenn's new account had never been included in any discovery production until the district attorney mentioned it on the day before trial. The record does not definitively settle this dispute, but prosecutors offered no rebuttal to the defense's counterargument, and the State appears to concede the point in its brief to this Court.[1] Fulks moved the trial court for a continuance, and the motion was denied.

¶4.    At trial, in addition to Glenn's revised testimony, the State adduced evidence, *inter alia*, that, once inside the house and during the commission of the robbery, one of Fulks's cohorts assailed the homeowner with a baseball bat. The jury convicted Fulks of both armed robbery and aggravated assault, and the trial judge sentenced Fulks to a total of forty years

---

[1] On page 8 of the appellee's brief in this case, the State says: "[W]hen the prosecutor was interviewing witnesses in preparation for trial . . . Glenn gave a statement that ran contrary to his previous recorded statement . . . . Hosford was provided with Glenn's *original* recorded statement to law enforcement in the initial discovery packet"(emphasis added).

in prison.[2] On appeal, Fulks's sole assignment of error is his contention that the trial court erred by declining to grant the defense's motion for a continuance.

¶5. Rule 9.04(A) of the Uniform Circuit and County Court Rules provides the applicable discovery rule, which requires prosecutors to disclose evidence "which is known or by the exercise of due diligence may become known to the prosecution." Specifically pertinent to the instant case is Subsection 1, which requires disclosure of "[n]ames and addresses of all witnesses in chief proposed to be offered by the prosecution at trial, together with a copy of the contents of any statement . . . and the substance of any oral statement made by any such witness[.]" Miss. Unif. Cir. & Cty. R. 9.04(A)(1). When a party fails to adhere to this rule, "the court may order such party to permit the discovery of material and information not previously disclosed, grant a continuance, or enter such other order as it deems just under the circumstances." Miss. Unif. Cir. & Cty. R. 9.04(I). On appeal, such a decision is reviewed for an abuse of discretion resulting in manifest injustice. *Payton v. State*, 897 So. 2d 921, 942 (Miss. 2003).

¶6. The seminal case on this subject is *Box v. State*, 437 So. 2d 19 (Miss. 1983). The *Box* Court generally described the issue as a tension that, as a matter of constitutional necessity, must favor the defendant.

> The question presented here brings into direct conflict two important interests. First, there is the prosecution's interest in presenting to the jury all relevant, probative evidence. On the other hand, there is the accused's interest in knowing reasonably well in advance of trial what the prosecution will try to

---

[2] The total sentence included a thirty-five-year sentence for the robbery and a five-year sentence, to run consecutively, for the aggravated assault.

> prove and how it will attempt to make its proof which, of course, includes the names of persons the State expects to call as witnesses.
>
> This State is committed to the proposition that these conflicting interests are best accommodated and that justice is more nearly achieved when, well in advance of trial, each side has reasonable access to the evidence of the other.

*Id.* at 21.

¶7. Judicial analyses on this subject are necessarily fact intensive. The facts of this case mirror those of the ***Box*** case very closely. In ***Box***, the defendant was charged with armed robbery. The prosecution adduced testimony from the owner of the automobile used in the robbery and photos of that car but provided notice of that evidence to the defense, as in the instant case, on the day before the trial commenced. ***Id.*** "Although we are not hide-bound to reverse every case in which there was some failure by the State to abide by a discovery rule," *id.*, the ***Box*** Court held that such an ill-timed revelation demanded reversal of the defendant's conviction. "A rule which is not enforced," the unanimous Court concluded, "is no rule." ***Id.***

¶8. Obviously, the instant case is distinct from ***Box*** in that Fulks's attorney was aware of the State's intent to offer Glenn's testimony. However, in the case at bar, the State's eleventh-hour disclosure of the unexpected content of this witness's testimony produced the same result as that which drew the ***Box*** Court's condemnation: a trial by ambush in which critically important evidence was sprung on a defendant with such abruptness that defense counsel had time neither to investigate its veracity nor to make meaningful preparation to meet it.

¶9. Clearly, the broadly delineated rule governing these decisions, combined with the scope of review through which this Court is bound to view them, makes the reversible error

4

alleged in this appeal rare indeed. Nevertheless, this is one of those rare cases. The prosecution violated Rule 9.04(A)(1) when it failed to notify the defense of Glenn's changed story until the day before trial; this is precisely the sort of "trial by ambush" that Mississippi has endeavored to outlaw. ***Byrom v. State***, 863 So. 2d 836, 870 (Miss. 2003). Therefore, the trial judge was obligated to undertake some remedial measure consistent with Rule 9.04(I) to avoid manifest injustice.

¶10.    When a prosecutor reveals evidence on the eve of trial that should have been disclosed earlier, and when that evidence completely undercuts the defense's theory of the case and renders most of its trial preparations worthless, then the only effective remedy is a continuance. Otherwise, the defense attorney is left with inadequate time and opportunity to investigate the newly arisen evidence, evaluate its trustworthiness, discuss its implications with his client, allow time for due consideration thereof, and, if necessary, to develop a new trial strategy.[3] This quandary seems to have gone unrecognized by the trial judge, who treated Glenn's new revelation merely as an impeachment opportunity for the defense.

| BY THE COURT: | What would a continuance accomplish? You've talked to Mr. Glenn today. |
| BY MR. HOSFORD: | Yes, Your Honor. |
| BY THE COURT: | You got the statement that he gave to police to impeach him by. What more would a continuance do other than delay the case? |
| BY MR. HOSFORD: | Your Honor, it would allow me – |

---

[3] "By no means does [a ***Box*** violation] mean invariably that the defendant will be entitled to a continuance until the next term of court. There will no doubt be cases where postponement of a day or two, or in some cases even an hour or two, will suffice." ***Reuben v. State***, 571 So. 2d 1383, 1386 (Miss.1987) (quoting ***Foster v. State***, 484 So. 2d 1009, 1011 (Miss. 1986)). These determinations necessarily depend on the nature and extent of each discovery violation.

| | |
|---|---|
| BY THE COURT: | You have the vehicle necessary to impeach him if he changes my [sic] his statement. |
| BY MR. HOSFORD: | Your Honor would allow me an opportunity to investigate those allegations further and to verify whether or not there [sic] are true. There may be possible other witnesses that can help my client. |

¶11. Although the trial court was not persuaded by these clearly valid concerns, they were precisely the impetuses that led this Court to reverse and remand in the case of a defendant against whom the prosecution decided to introduce evidence of prior crime but to whom the prosecution did not disclose that plan until the morning of trial, even though prosecutors happened upon the evidence only that same day. *McCullough v. State*, 750 So. 2d 1212, 1217 (Miss. 1999). In explaining the *Box* holding, the Court wrote:

> When faced with previously undisclosed evidence to which the defendant has objected, the trial court should give the defendant a reasonable opportunity to familiarize himself with the evidence. If the defendant thereafter believes he may be prejudiced by admission of the evidence because of his lack of opportunity to prepare to meet it, he must request a continuance. . . . If he indeed requests a continuance, the state may opt to proceed without the undisclosed evidence, else the trial court must grant the continuance. *Failure to follow the Box guidelines is prejudicial error, requiring reversal and remand*.

*McCullough*, 750 So. 2d at 1217 (quoting *Snelson v. State*, 704 So. 2d 452, 458 (Miss. 1997)) (emphasis included). Notably, as was so in *Box* and *McCullough*, our analysis in the case at bar necessarily depends on the fact that Glenn's revised account of the night in question amounts to "previously undisclosed evidence." *McCullough*, 750 So. 2d at 1217. In *Box*, a key witness was not revealed to the defense until the evening before trial, even though the State knew nine months ahead of trial that the witness might testify. *Box*, 437 So. 2d at 21. Likewise, in today's case, we know the State was aware that Glenn had changed his

story some months in advance, as the record indicates that police were aware of the new version during the court term immediately preceding the one during which Fulks stood trial. These cases do not present situations in which, for example, a witness changes his story on the stand. Such a situation might present other problems requiring review; but for purposes of the *Box* rule, such testimony would not amount to "previously undisclosed evidence" because the State would have had no knowledge thereof to disclose. We do not attempt today to identify a hard and fast temporal interval beyond which a Rule 9.04 violation crystalizes; indeed, given the fact intensity of these inquiries, such a determination likely is impossible.

¶12.    Undoubtedly, any rule subject to a review for an abuse of discretion defies the application of a "bright line" to one side of which lies fairness and to the other side of which lies injustice. But there can be no doubt that, under these facts, twenty-four hours was an insufficient period of time for defense counsel to react effectively to a sea change of this magnitude. Any other judgment is not only a violation of Rule 9.04 but also is a serious infringement upon the defendant's right to due process of law under the Fourteenth Amendment to the U.S. Constitution and Article 3, Section 14, of the Mississippi Constitution. *See Love v. State*, 441 So. 2d 1353 (Miss. 1983) (holding that refusal to allow drug defendant to analyze substance in question prior to trial, when defendant's case centered on identification of substance, required reversal). *Compare Ramos v. State*, 710 So. 2d 380 (Miss. 1998) (failure to disclose inculpatory evidence to the defendant was reversible error), *with Payton v. State*, 897 So. 2d 921 (Miss. 2003) (holding that trial court did not abuse discretion in refusing to grant continuance when untimely disclosed evidence concerned trivial matters).

¶13. Finally, at the very least, the about-face in Glenn's account amounted to "[i]mpeachment evidence . . . that, if disclosed and used effectively, . . . may [have] ma[d]e the difference between conviction and acquittal." *United States v. Bagley*, 473 U.S. 667, 676, 105 S. Ct. 3375, 87 L. Ed. 2d 481 (1985) (holding that impeachment evidence is "favorable evidence" for purposes of *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963)). Therefore, because our Rule 9.04 "is obviously much broader than *Brady*," *Hughes v. State*, 735 So. 2d 238, 254 (Miss. 1999) (citing *Brady*, 373 U.S. 83), a violation of the rule handed down by the U.S. Supreme Court's most notable case on discovery in criminal cases necessarily indicates a failure to adhere to Mississippi's more comprehensive Rule 9.04.

¶14. Based on the facts of this case, our fidelity to the rule of *Box* demands that we find the trial court's decision not to grant a continuance when the State disclosed inculpatory evidence on the eve of trial to be error that prejudiced the defendant's ability to put on his case, culminating in manifest injustice. The convictions must be reversed, and the case is remanded for a new trial.

¶15. **REVERSED AND REMANDED.**

**WALLER, C.J., CARLSON AND GRAVES, P.JJ., DICKINSON, RANDOLPH, LAMAR, CHANDLER AND PIERCE, JJ., CONCUR.**