MAXWELL, J.,
concurring in part and in result:
¶ 22. Although I concur with the result reached by the majority, I disagree that Wright’s appeal is procedurally barred.
¶ 23. Wright moved in limine to exclude the introduction of evidence concerning her homeowner’s insurance. Prior to trial, the circuit court denied the motion in part and granted it in part. Specifically, the court held that Wright could be questioned about the existence of her homeowner’s insurance, but the amount of any prior settlements could not be mentioned.
¶24. The supreme court recently acknowledged its long-held view that a “motion in limine regarding the introduction of evidence properly preserve[s] the issue for appeal, and an objection [is] not necessary.” Goff v. State, 14 So.3d 625, 640 (¶ 46) (Miss.2009) (citing Kettle v. State, 641 So.2d 746, 748 (Miss.1994)). Thus, I do not find Wright’s failure to make a subsequent objection at trial prevents our review of the insurance issues.
¶ 25. Furthermore, I do not believe Wright waived these issues on appeal by introducing evidence she originally sought to exclude in her motion in limine.
¶ 26. I recognize that generally a party may not introduce evidence at trial and then assert on appeal that admission of the evidence constituted reversible error. See Hobson v. State, 730 So.2d 20, 24-25 (¶ 15) (Miss.1998). But this rule is not absolute. Hobson involved a situation where the defendant elicited otherwise inadmissible testimony and then objected to subsequent allusion to or inquiry into that testimony. Id. at 24 (¶¶ 13-14). In applying this general prohibition, the Hobson court reasoned: “If the defendant goes fishing in the state’s waters, he must take such fish as he catches.” Id. at 25 (¶ 15) (quoting Fleming v. State, 604 So.2d 280, 289 (Miss.1992)).
¶27. However, this general rule does not apply to situations where a litigant accepts, respects, and obeys a trial court’s rulings and advances his client’s cause in a manner consistent with those rulings. See Stong v. Freeman Track Line, Inc., 456 So.2d 698, 711 (1984).
¶ 28. In McCullough v. State, 750 So.2d 1212 (Miss.1999), Justice Mills, writing for a majority of the supreme court, addressed this exception to the general prohibition against complaining about evidence one introduces himself. Specifically, he distinguished Hobson from situations such as the one before us, where the trial court makes an adverse ruling that a party must live with. In McCullough, after the circuit court denied the defendant’s motion in li-mine to exclude evidence of a prior shooting, his attorney was forced to adjust his trial strategy and introduce the evidence himself to limit its effect on the jury. Id. at 1215 (¶ 9). The supreme court reasoned: “Once the trial court put the defense counsel in that posture, [appellate courts] should not, by procedurally barring the issue, penalize the defense for attempting to minimize the damage done[.]” Id. at 1216 (¶ 13).
¶ 29. A similar exception to the waiver rule was also discussed in Stong, 456 So.2d at 711. In Stong, our supreme court acknowledged that “[w]hen the trial judge makes a ruling adverse to a litigant, and where that litigant’s lawyer has properly noted his objection, that litigant and his lawyer are entitled to try the rest of the case on the assumption that the trial *118 judge’s ruling will not be disturbed on appeal.” Id. See also Jones v. State, 461 So.2d 686, 702 (Miss.1984). In such instances, our appellate courts “will not imply a waiver from the subsequent conduct which does nothing more than show the lawyer’s obligatory respect for the trial judge while at the same time continuing as best can be done the advancement of his client’s cause.” Stong, 456 So.2d at 711.
¶ 30. Here, there is little doubt Wright’s trial counsel adjusted his trial strategy to take the sting out of what he perceived to be damning evidence. This is fully permissible in light of the adverse ruling on the motion in limine.
¶ 31. Accordingly, I agree with the result reached by the majority and its analysis of the circuit court’s decision to deny Wright’s motion in limine as well as its decision to allow testimony about Wright’s letter to her insurance company. However, I believe Wright was entitled to play the hand the court dealt her and that she is not procedurally barred from asserting these issues on appeal.
KING, C.J., LEE, P.J., BARNES AND CARLTON, JJ„ JOIN THIS OPINION.