KITCHENS, Justice,
concurring in result only:
¶ 88. While I agree that it was not error for the trial court to allow Fulks’s testimony from his first trial to be adduced by the State during its case-in-chief during the instant trial, I do not subscribe to the majority’s analysis in that regard. I also agree that there is no reversible error on the recusal issue, but in reaching this conclusion, the majority tends to confuse the appellate standard of review. For these reasons, I concur in result only and offer the reasoning which led me to conclude that the defendant’s testimony from the first trial was admissible in the second.
¶ 39. On appeal, Fulks argues that his previous testimony was inadmissible because he was neither listed as a witness to be called by the State nor was the transcript of his testimony listed as an exhibit by the State. He also argues that his statement was self-serving, and therefore was not an admission of a party opponent which would render it admissible under Mississippi Rule of Evidence 801(d)(2)(A). The majority does not address the potential discovery violation by the State, so I respectfully offer the following analysis of that issue.
¶40. Fulks first argues that his prior testimony was inadmissible because it was not disclosed by the State during pretrial discovery. He contends that he should have been listed as a witness to be called by the State and that the State’s failure so to list him resulted in a trial by ambush. However, when informed, during the trial, of the State’s intention to present his testimony from the first trial, Fulks did not ask for a continuance. “When a prosecutor reveals evidence on the eve of trial that should have been disclosed earlier, ... the only effective remedy is a continuance.” Fulks v. State, 18 So.3d 803, 805 (Miss. 2009). A defendant who claims surprise because of undisclosed evidence must request a continuance to review the evidence and determine whether it is prejudicial. McCullough v. State, 750 So.2d 1212, 1217 (Miss.1999). “Should the defendant fail to request a continuance, he has waived the issue.” Id. Fulks objected to the admission of the testimony, but he failed to request a continuance following the trial court’s overruling his objection. Accordingly, the issue is proeedurally barred.
¶ 41. Fulks also argues that his statement was wrongfully compelled by the State. He claims that the belated change of Joshua Glenn’s testimony in the first trial compelled him to testify in his defense. At the first trial, Glenn took the witness stand as a State’s witness. Fulks objected to Glenn’s being allowed to testify for the prosecution, claiming surprise and trial by ambush due to the untimely disclosure by the State of the complete change in substance of Glenn’s testimony. When that objection was overruled, he requested a continuance, which also was denied. After the State had rested, Fulks took the stand in his own behalf, after being informed by the trial court that he had a right not to testify. Although Fulks now claims that his testimony during the first trial was involuntarily given, the record of that trial does not show his having made that contention at the time, nor does it lend any support to his present contention.[1] To the contrary, there is every indi *775 cation that Fulks made an informed and voluntary decision to testify during his first trial.
¶ 42. “[F]ormer testimony, voluntarily given in a criminal trial, may be introduced in a later trial upon remand.” Reed v. State, 523 So.2d 62, 67 (Miss.1988) (citations omitted). This Court has held that the transcript of testimony given in a trial that resulted in a mistrial was admissible in a subsequent trial of the same case “either as part of the State’s case in chief or rebuttal, as an admission of the defendant.” Arrington v. State, 411 So.2d 779, 780 (Miss.1982). See also McMasters v. State, 83 Miss. 1, 35 So. 302 (Miss.1903) (“It is well-settled law in this state that, where a defendant chooses to take the witness stand and testify in his own behalf, in any court, his statement upon that occasion can be used against him upon any future trial of the cause.”) In Stringer v. State, 491 So.2d 837, 841 (Miss.1986), this Court, in analyzing whether a defendant’s prior testimony from a trial in which he was a witness and not a party was admissible, stated that “Arrington and Mackmas-ters [sic] correctly hold that so much of a defendant’s testimony at a former trial which constitutes an admission ... may be presented as evidence at a subsequent trial of that same defendant.” Fulks voluntarily took the stand, after being warned of his right not to do so. His testimony was not compelled by the State, even though Fulks and/or his attorney may have believed that Glenn’s testimony for the prosecution had made it desirable or even expedient for Fulks to try to refute it by his own testimony.
¶ 43. Finally, Fulks contends that his statement was self-serving, not an admission, and so was inadmissible against him under this Court’s holding in Stringer, 491 So.2d at 841. There, the Court held that “the trial court committed reversible error when it received into evidence portions of the prior testimony of ... Stringer which could not fairly be characterized as admissions .... ” Id. The State claims that Fulks’s testimony at the first trial was an admission. An admission is a “statement ] by a party ... of the existence of a fact which is relevant to the cause of his adversary.” Black’s Law Dictionary 44 (5th ed.1979). Fulks testified at the first trial that he was in the car in front of the Franks house. Both he and Glenn testified that Glenn remained outside of the house. The Frankses testified that a male definitely was in the house when they were attacked. Fulks’s statement that he and Glenn had remained in the car, combined with Glenn’s statement that he had stayed in the car while Fulks went in the house and the Frankses’ testimony that a man had been in the house, led to the inference argued by the prosecutor that the only male who could have been in the house, other than Mr. Franks, was Tomarcus Fulks. Therefore, according to the State, Fulks’s statement was “an admission as that concept is understood in our law of evidence^]” Stringer, 491 So.2d at 841. As such, that testimony “may be presented as evidence at a subsequent trial of that same defendant.” Id.
¶ 44. Fulks contends that the statement was self-serving, as he was professing his innocence. The only part of his testimony which allows an incriminating inference is his statement that both he and Glenn were in the car in front of the Franks house, and they both remained in the vehicle. In Stringer, this Court held that only prior testimony that fits within the definition of an admission may be used as evidence against the accused in a subsequent trial. Stringer, 491 So.2d at 841. Therefore, according to Fulks, the part of his testimony that did not constitute an admission was inadmissible against him. Again, to preserve the issue for appeal, Fulks was *776 obligated to object, and, if his objection was unsuccessful, to request a continuance. McCullough 750 So.2d at 1217 (Miss.1999). “Should the defendant fail to request a continuance, he has waived the issue.” Id. Because Fulks failed to request a continuance at that juncture, the issue is procedurally barred, even though parts of his testimony that cannot be classified as admissions were admitted into evidence.
¶ 45. As for Fulks’s claim that the trial judge should have recused himself, the majority holds that “[t]he record does not produce a reasonable doubt as to the judge’s impartiality.” Maj. Op. 25. Accusing the justices of this Court of judicial misconduct based on our appellate review and unanimous reversal of Fulks’s first case should raise at least some doubt about the judge’s impartiality in the retrial of the same case. But, that is not the standard we employ on appeal. “When a judge is not disqualified under the constitutional or statutory provisions the decision is left up to each individual judge and is subject to review only in a case of manifest abuse of discretion.” Jones v. State, 841 So.2d 115, 135 (Miss.2003) (citing Buchanan v. Buchanan, 587 So.2d 892, 895 (Miss.1991)). Judges are presumed to be impartial, and in determining whether an appellant has overcome the presumption of impartiality, “the reviewing court must consider the trial as a whole and examine every ruling to determine if those rulings were prejudicial to the complaining party.” Jones, 841 So.2d at 135 (citing Hunter v. State, 684 So.2d 625, 630-31 (Miss.1996)). Fulks claims that the trial judge had an interest in the outcome based on his comments during a pretrial hearing. See Miss. Const. art. 6, § 165 (“No judge of any court shall preside on the trial of any cause, ... where he may be interested in the same.... ”); Miss.Code of Judicial Conduct Canon 3(C)(1)(c) (same); Miss. Code Ann. § 9-1-11 (Rev.2002) (same). However, he does not point to any of the trial judge’s rulings that were prejudicial and could be said to have been motivated by this alleged bias. Without identifying some particular prejudice, Fulks cannot overcome the presumption of impartiality, and we cannot find that the trial court committed manifest error by denying Fulks’s motion for recusal.
KING, J., JOINS THIS OPINION. WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., LAMAR AND COLEMAN, JJ„ JOIN THIS OPINION IN PART.

. The trial court in the second trial read aloud from the transcript of the first trial in which the same judge had informed Fulks of his right not to testify, and Fulks had made the decision, while attended by counsel, to waive that right.