# IN THE COURT OF APPEALS
## OF THE
## STATE OF MISSISSIPPI
### NO. 97-KA-00778 COA

MICHAEL PALM                                                                           APPELLANT

v.

STATE OF MISSISSIPPI                                                                   APPELLEE


| | |
|---|---|
| DATE OF JUDGMENT: | 06/17/97 |
| TRIAL JUDGE: | HON. MARCUS D. GORDON |
| COURT FROM WHICH APPEALED: | SCOTT COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | EDMUND J. PHILLIPS, JR. |
| FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY:  PAT S. FLYNN |
| DISTRICT ATTORNEY: | KEN TURNER |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | GRAND LARCENY: SENTENCED TO SERVE A TERM OF 5 YRS IN THE MDOC AND PAY A FINE OF $5,000 |
| DISPOSITION: | AFFIRMED - 11/24/98 |
| MOTION FOR REHEARING FILED: | |
| CERTIORARI FILED: | |
| MANDATE ISSUED: | 12/15/98 |


BEFORE THOMAS, P.J., DIAZ, AND SOUTHWICK, JJ.

DIAZ, J., FOR THE COURT:


¶1. Michael Palm was convicted of grand larceny in the Scott County Circuit Court. From this conviction, he perfects his appeal to this Court and argues (1) that the trial court erred in admitting evidence that his co-indictee had entered a plea of guilty to the same charge and (2) that his confession was involuntarily made. Finding his arguments without merit, we affirm.

## FACTS

¶2. Michael Palm and Jarvis Wright were charged with grand larceny for stealing a four-wheeler from

Sammy Lovett's residence in October of 1996. Wright pled guilty to the crime and was sentenced to two years in prison. Palm entered a plea of not guilty and was thereafter tried by a jury. According to the testimony of Deputy Marvin Williams, Palm was advised of his *Miranda* rights at the time of his arrest and thereafter signed a waiver of rights in the presence of Williams and Deputy Jack McGee. Palm declined to make a statement at that time, but Williams testified that a few days later Palm asked to speak to Williams. Before speaking with Palm, Williams again advised Palm of his *Miranda* rights. Palm then confessed to Williams that he and Wright had stolen the four-wheeler from Lovett's residence, and he then led Williams to the place where the four-wheeler was located. Following a jury trial, Palm was convicted of grand larceny, sentenced to a term of five years in prison, and ordered to pay a fine of $5,000. It is from this conviction that Palm appeals to this Court.

## DISCUSSION

### I. DID THE TRIAL COURT ERR IN ADMITTING EVIDENCE THAT PALM'S CO-INDICTEE HAD ENTERED A PLEA OF GUILTY TO THE SAME CHARGE?

¶3. Prior to trial, Jarvis Wright pled guilty for his participation in stealing Lovett's four-wheeler and was sentenced to two years in prison. A condition of his plea required him to testify at Palm's trial. During his testimony, the prosecutor asked Wright if he had pled guilty to the crime and if he had promised to give truthful testimony as a condition of the plea. Wright answered, "Yes, sir." Although defense counsel raised no objection to this line of questioning, Palm now claims reversible error.

¶4. Palm relies primarily on the Mississippi Supreme Court case of *Johns v. State*, 592 So. 2d 86, 90-91 (Miss. 1991), for his proposition that the trial court erred in allowing the jury to hear that Wright had been convicted of the same offense for which he (Palm) was being tried. The danger at issue in *Johns* was that a jury could rely upon a prior jury's judgment in reaching its decision as to the defendant's guilt. *White v. State*, 616 So. 2d 304, 306 (Miss. 1993). The present case is distinguishable, however, in that Wright pled guilty to his crime. *Id.* at 306-07. While the prosecutor improperly elicited testimony regarding Wright's guilty plea prior to any attack on his credibility, *Id.* at 308, we fail to see how the error requires reversal. Wright was subject to cross-examination, at which time counsel for the defense attacked his credibility by questioning him concerning the sentencing arrangement he received from the State. At the close of trial, the court granted jury instruction D-10, wherein the jury was cautioned to consider and weigh the testimony of an accomplice with great care, caution, and suspicion. Furthermore, counsel for defense failed to object to Wright's testimony. The supreme court has held that if the defense wishes to exclude such testimony from consideration by the jury, he has a duty to object. *Johnson v. State*, 477 So. 2d 196, 214 (Miss. 1985). Accordingly, we decline Palm's invitation to hold the trial court in error on this issue.

¶5. Palm argues in the alternative that his attorney's failure to object to the State's line of questioning denied him effective assistance of counsel. In order to succeed on any ineffective assistance of counsel claim, Palm must satisfy the two-part test articulated in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), as adopted by the Mississippi Supreme Court in *Stringer v. State*, 454 So. 2d 468, 477 (Miss. 1984), which requires a showing that (1) counsel's performance was deficient and (2) that the deficiency prejudiced the defense. "The burden to demonstrate both prongs is on the defendant who faces a strong but rebuttable presumption that counsel's performance falls within the broad spectrum of reasonable professional assistance." *Eakes v. State*, 665 So. 2d 852, 872-73 (Miss. 1995). "Only where there is a reasonable probability that without counsel's errors the outcome of the trial would have been different will

this Court find ineffective representation." *Id.* at 873. We cannot say that but for these alleged errors the outcome in this case would have been different. Because Palm fails to meet his burden of demonstrating both prongs of the *Strickland* test, we dismiss this assignment of error as lacking in merit.

## II. WAS PALM'S CONFESSION INVOLUNTARY?

¶6. Palm next argues that Deputy Marvin Williams lured him into confessing his crime by offering him the hope of bond. According to Williams, Palm asked him if he would get bond if he told Williams the location of the four-wheeler. Williams responded that everyone is entitled to bond, but that he had nothing to do with getting a bond set for Palm. On appeal, Palm argues that mixing a statement that bond is available into interrogation about a crime provides an improper enticement to confess.

¶7. "The general rule is that for a confession to be admissible it must have been given voluntarily and not given as a result of promises, threats or inducements." ***Morgan v. State*, 681 So. 2d 82, 86 (Miss. 1996).** Additionally, the State bears the burden of establishing beyond a reasonable doubt that a confession to be offered at trial was voluntarily given. ***Haymer v. State*, 613 So. 2d 837, 839 (Miss. 1993**). The State meets its burden when it offers the testimony of a law enforcement officer who testifies "that the confession was voluntarily made without any threats, coercion, or offer of reward." ***Cox v. State*, 586 So. 2d 761, 763 (Miss. 1991).** Whether a confession is voluntary is a fact-finding function. ***Alexander v. State*, 610 So. 2d 320, 326 (Miss. 1992).** "So long as the court applies the correct legal standards, 'we will not overturn a finding of fact made by a trial judge unless it be clearly erroneous.'" *Id.* (citations omitted). Furthermore, "[t]he applicable standard for determining whether a confession is voluntary is whether, taking into consideration the totality of the circumstances, the statement is the product of the accused's free and rational choice." ***Herring v. State*, 691 So. 2d 948, 956 (Miss. 1997**).

¶8. In the present case, the trial court held a suppression hearing to determine if Palm's confession was freely and voluntarily made. Deputy Williams testified during the hearing that he told Palm that he had nothing to do with getting a bond set for him. The trial court thereafter concluded that Palm knowingly waived his rights and made a voluntary confession. Finding no error in the trial court's decision to admit Palm's confession, we dismiss this assignment of error and affirm Palm's conviction.

**¶9. THE JUDGMENT OF THE SCOTT COUNTY CIRCUIT COURT OF CONVICTION OF GRAND LARCENY AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS TO RUN CONSECUTIVELY TO SENTENCE PRESENTLY SERVING AND FINE OF $5,000 IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO SCOTT COUNTY.**

**BRIDGES, C.J., McMILLIN AND THOMAS, P.JJ., COLEMAN, HERRING, HINKEBEIN, KING, PAYNE, AND SOUTHWICK, JJ., CONCUR.**