KING, C.J.,
for the Court.
¶ 1. Gary LaShawn McGee was tried and convicted of first degree arson in the Circuit Court of Hinds County. McGee was sentenced to twenty eight years in the custody of the Mississippi Department of Corrections and was ordered to pay restitution in the amount of $774,000. Aggrieved by his conviction, McGee appeals and asserts the following assignments of error, which we quote verbatim:
I. The trial court committed reversible [sic] in not granting a mistrial when the prosecution improperly submitted evidence before the jury.
II. Trial Counsel was ineffective in not filing a proper change of venue.
III. Trial Counsel was ineffective in arguing the motion to suppress McGee’s statement.
STATEMENT OF FACTS
¶ 2. McGee was a fireman with the Raymond Volunteer Fire Department (R.V.F.D). In the early morning hours of July 24, 2001, a fire was reported at the Hinds Independent Methodist Church in Raymond. A number of local volunteer fire departments were dispatched to the scene, including R.V.F.D. with defendant McGee driving the number five truck.
¶ 3. Hinds County Sheriffs Department Deputy Sheriff Jason Crotwell, was the first officer to arrive on the scene. While taking photographs of the fire and the surrounding area Deputy Crotwell observed tire tracks in the wet grass leading to the northeast corner of the church. In the vicinity of the tire tracks Deputy Crot-well found a receipt from Kroger grocery store. It was discovered that the purchaser had used a Kroger “value card,” and that the card had been issued to Gary McGee. Video surveillance film was obtained from the Kroger store and McGee was identified on the film by his fire chief as the patron purchasing a can of charcoal starter fluid and a gas match lighter.
¶ 4. After receiving and waiving Miranda warnings, McGee confessed to setting the church on fire. At trial, McGee did not testify, nor did he call any witnesses in his defense.
ISSUES AND ANALYSIS
I.
The trial court committed reversible [sic] in not granting a mistrial when the prosecution improperly submitted evidence before the jury.
¶ 5. McGee contends that the trial court abused its discretion in not granting a mistrial by allowing irrelevant prejudicial photographs to be admitted, over his objection.
¶ 6. “The admissibility of photographs rests within the sound discretion of the trial judge.” Martin v. State, 854 So.2d 1004, 1007-08(¶ 7) (Miss.2003) (citations omitted). “Such discretion of the trial judge runs toward almost unlimited admissibility regardless of the gruesomeness, repetitiveness, and extenuation of probative value.” Id. “In addition to weighing probative value versus prejudicial effect, the trial court must also consider (1) whether the proof is absolute or in doubt as to the identity of the guilty party, and (2) whether the photographs are necessary evidence or simply a ploy on the *383 part of the prosecutor to arouse the passion and prejudice of the jury.” Id. “Cumulative status does not eliminate photographs’ evidentiary value.” Id.
¶ 7. The two photographs in question depicted the church engulfed in flames. One of the photographs highlighted a meter box with the church behind it, and the other showed power lines aflame in the foreground. Defense counsel objected to the photos being admitted into evidence because they had the tendency to “inflame the minds of the jury.” The trial judge did not find the photographs overly inflammatory, but did find them cumulative. The trial judge agreed to admit the photographs, contingent upon the prosecutor’s showing the relevancy of the photographs before the end of their case-in-chief.
¶ 8. At the end of the State’s casein-chief, the defense moved for a mistrial based on the State’s failure to show the relevancy of the photographs. The trial court denied the motion for mistrial, but struck the two photographs from evidence. The trial judge cited Reed v. State, 764 So.2d 511 (Miss.Ct.App.2000) in holding that a mistrial is not the inevitable result when the jury hears inadmissible evidence. Recognizing his duty to assess the prejudicial impact of the photographs, he held that the photos did not substantially or irreparably prejudice the defendant, and overruled McGee’s motion for a mistrial, and instructed the jury to disregard them. “It is well settled that when the trial judge sustains an objection to testimony and he directs the jury to disregard it, prejudicial error does not result.” Cox v. State, 793 So.2d 591, 595 (¶ 11) (Miss.2001). As the admissibility of the photographs was within the sound discretion of the trial judge, and the jury was admonished to disregard the photographs, the trial judge did not abuse his discretion in denying McGee’s motion for a mistrial.
II.
Trial Counsel was ineffective in not filing a proper change of venue and in arguing the motion to suppress McGee’s statement.
¶ 9. We have combined issues II and III for the purposes of judicial economy.
¶ 10. McGee argues that the actions of trial counsel did not meet the standards of effectiveness for counsel imposed by Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). He claims that he was denied effective assistance of counsel as it pertained to a motion for change of venue. He also claims that his attorney was ineffective in stipulating that McGee received proper Miranda warnings. McGee claims this stipulation to the Miranda warnings waived any possible claim that his statement was involuntary.
¶ 11. This issue is addressed under a two-part test established in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and followed by the Mississippi Supreme Court’s decision in Stringer v. State, 454 So.2d 468, 476 (Miss.1984). Under Strickland and Stringer, McGee must show that his counsel’s performance was so deficient that it constituted prejudice, and there is a reasonable probability that but for his counsel’s errors the outcome in the trial court would have been different. Stevenson v. State, 798 So.2d 599, 601-02(¶ 5) (Miss.Ct.App.2001). The totality of the circumstances is considered as to whether the counsel’s performance was both deficient and prejudicial, and the defendant bears the burden of demonstrating that both prongs of Strickland have been met. Id. “Additionally, there is a strong but rebut-table presumption that an attorney’s performance falls within a wide range of rea *384 sonable professional assistance and that the decisions made by trial counsel are strategic.” Id. at (¶ 6) (citing Vielee v. State, 653 So.2d 920, 922 (Miss.1995)). “With respect to the overall performance of the attorney, ‘counsel’s choice of whether or not to file certain motions, call witnesses, ask certain questions, or make certain objections fall within the ambit of trial strategy.’ ” Id. (citing Scott v. State, 742 So.2d 1190 (¶ 14) (Miss.Ct.App.1999)). See also Cole v. State, 666 So.2d 767, 777 (Miss.1995); Murray v. Maggio, 736 F.2d 279, 283 (5th Cir.1984).
¶ 12. Much of McGee’s argument centers upon his first counsel’s performance in not filing a change of venue motion and his subsequent counsel’s inability to comply with the statute addressing a motion for change of venue until the day trial began. The record indicates that there were several unsuccessful attempts to file the change of venue motion. In actuality, the motion was filed the day trial began. The trial judge stated in the record, “this is not one of those cases where no voir dire can rebut the presumption raised by the filing of the motion and attached affidavits; therefore the Court is duty bound to look at the responses of the respective jurors in this particular ease.” After voir dire the trial judge overruled the motion for change of venue and held that considering the totality of the circumstances, McGee’s right to a fair trial was not compromised.
¶ 13. Although only thirteen of the eighty-two jury panelists had not heard about the case, only five of them expressed a fixed opinion on the case, and all five of these panelists were struck for cause. Similarly, in Cabello v. State, 524 So.2d 313, 316 (Miss.1988), the supreme court held that a belated motion for change of venue was not ineffective assistance of counsel where only five of eighty jurors had a fixed opinion about the case, but none of them served.
¶ 14. Moreover, a decision on whether or not to file a change of venue motion falls within the purview of trial strategy for which there is a rebuttable presumption in favor of the attorney’s decision. McGee has failed to overcome this presumption. Under the Strickland analysis, McGee has shown no real prejudice, except that if his change of venue motion were filed earlier the trial court could have held a hearing and witnesses could have been called which might have effected the trial judge’s decision to grant the motion.(emphasis added). Such conjecture amounts to the mere possibility of prejudice which is not sufficient to establish prejudice under the Strickland analysis, and ends an ineffective assistance of counsel analysis.
¶ 15. Next, McGee argues that during a pre-trial suppression hearing his counsel was ineffective by stipulating that McGee had been given proper Miranda warnings. McGee claims that this stipulation acted as a waiver to any an argument that his statement was involuntary.
¶ 16. McGee cites no caselaw to support the proposition that his attorney’s stipulation to the Miranda warnings waived his ability to attack his confession. A defendant’s confession is subject to attack at two points. First, it is subject to attack at a suppression hearing if there is a suggestion that the confession is not knowingly, freely, and voluntarily offered. See Palm v. State, 724 So.2d 424, 426(¶ 7) (Miss.Ct.App.1998). The purpose of the suppression hearing is total elimination of the confession from the hearing of the jury by the trial judge after considering the totality of the circumstances. Id. Secondly, if the court finds that the defendant’s statement constitutes admissible evidence *385 it remains subject to attack as to the weight and credibility the jury should accord to it. Craft v. State, 380 So.2d 251, 255 (Miss.1980). Although, the trial judge ruled that the statement was admissible, this Court notes the trial judge’s stated intent to allow McGee to attack the confession as being coerced. The trial judge stated, “the defendant will be permitted to present any evidence, including evidence already produced in the course of this hearing, in the presence of the jury since it is the jury who will make the ultimate decision as to what weight, worth, credibility, if any, to give any confession, considering the totality of the circumstances.”
¶ 17. McGee contends that he confessed only after hearing officers talking in the hallway, who stated that unless McGee confessed, they would blame the crime on his brother. McGee claims that this alleged threat to his brother was coercive, thereby making his confession involuntary. The trial judge considered McGee’s testimony at the suppression hearing, and found it unbelievable. The movant’s testimony, which is found to be not credible, will not serve as a basis to grant a suppression motion. See Jackson v. State, 778 So.2d 786, 789 (¶ 16) (Miss.Ct.App.2001). Under the trial judge’s ruling, McGee could have offered this testimony to the jury, and asked it to find the confession was tainted and false. However, he choose not to do so.
¶ 18. Even were this Court to find the confession tainted, and counsel’s stipulation to be ineffective assistance, it would under these facts, be harmless error as there was significant other physical evidence of guilt, and McGee has been unable to demonstrate any prejudice. Id. at 790 (¶ 18).
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY OF CONVICTION OF FIRST DEGREE ARSON, SENTENCE OF TWENTY EIGHT YEARS IN THE CUSTODY OF MISSISSIPPI DEPARTMENT OF CORRECTIONS AND RESTITUTION IN THE AMOUNT OF $774,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ„ CONCUR.