GRIFFIS, P.J.,
for the Court:
¶ 1. Tyrell Williams was convicted in the Bolivar County Circuit Court of sexual battery under Mississippi Code Annotated section 97 — 3—65(1)(d) (Supp.2011) and sentenced to serve twenty years in the custody of the Mississippi Department of Corrections. On appeal, Williams argues the circuit court erred in denying his motion to suppress his confession because he did not knowingly and voluntarily waive his constitutional rights. We find no error and affirm.
FACTS
*806 ¶ 2. On January 30, 2009, Ann Smith[1], a thirteen year old, walked home from school in afternoon. Ann testified that when she passed Williams’s house he called her to come over towards him. Williams, twenty-four years old at the time, forced Ann into his house. Ann testified that once she was inside Williams forced Ann to the bedroom and locked the door. Williams and Ann then had sexual intercourse and oral sex.
¶ 3. Ann went to her house after the incident. Her mother noticed that Ann was acting unusual and asked her what was wrong. After her mother discovered Ann’s underwear was wet, Ann told her mother what happened. Then, her mother took Ann to North Sunflower Medical Center for a sexual assault examination.
¶ 4. Williams was arrested for the sexual battery of Ann. Officer Jeff Joel interviewed Williams at the time of his arrest. Officer Joel testified he informed Williams of his Miranda rights, and Williams signed a waiver of those rights. Williams confessed to the sexual battery to Officer Joel. In Williams’s statement, he confessed to sexual intercourse and oral sex with Ann. However, Williams stated Ann approached him and offered to have sex with him. Williams stated Ann told him she was eighteen, and he believed Ann.
¶ 5. Williams did not have anyone else present with him in the interview with Officer Joel. Officer Joel testified Williams was able to answer his questions and provide details of the incident. The trial court granted Williams’s motion for a mental examination. Williams was first examined at the Mississippi State Hospital by Dr. Gilbert S. Macvaugh. Dr. Macvaugh found that Williams had an IQ of 53,[2] which was slightly above that of the average mentally-incompetent adult. Dr. Mac-vaugh found Williams was competent to stand trial, but the doctor was unable to say if Williams was competent to waive his constitutional rights at the time of Williams’s confession.
¶ 6. After Dr. Macvaugh’s examination, Williams was examined by Dr. Robert McMichael and Dr. Amanda L. Gugliano at Mississippi State Hospital. Both Dr. McMichael and Dr. Gugliano found Williams to be competent to stand trial. The doctors also found Williams to have the present capacity to waive or assert his constitutional rights. However, the doctors were unable to say whether or not Williams had the capacity to waive or assert his rights at the time he made his confession on July 23, 2009.
¶ 7. Outside the presence of the jury, the trial court held a suppression hearing regarding Williams’s confession. Glandra Williams, Williams’s mother, testified at the hearing that Williams does not live alone, work, or drive, and he heavily relies on Glandra for help understanding information. Glandra did testify that Williams could dress and bathe himself. According to Glandra, Williams did not graduate from high school or receive his GED. Williams also has only lived on his own for a short period of two-months when he was around the age of twenty-one. Glandra has taken Williams to see mental health workers about every month or every other month since he was five-years-old.
¶ 8. Officer Joel was also called to testify during the suppression hearing. Officer Joel testified he read Williams his Miranda rights and reviewed each right individually. Officer Joel stated that he ex *807 plained the interview process to Williams and again asked if he wanted to waive his Miranda rights. Williams signed his name to the waiver of rights during the interview. Officer Joel testified that he believed Williams understood what was going on during the interview. Officer Joel testified that at the end of the interview Williams stated that he should not have talked to Officer Joel and that he was in trouble now.
¶ 9. The trial court found after the testimony from the fact witnesses that Williams understood his rights. Williams was convicted of sexual battery and sentenced to twenty years in the custody of the Mississippi Department of Corrections.
STANDARD OF REVIEW
¶ 10. “Once the trial judge has ‘determined, at a preliminary hearing, that a confession is admissible, the defendant/appellant has a heavy burden in attempting to reverse that decision on appeal.’” Applewhite v. State, 753 So.2d 1039, 1041 (¶ 10) (Miss.2000) (quoting Sills v. State, 634 So.2d 124, 126 (Miss.1994)). “This Court will reverse [the] trial court’s finding that a confession is admissible only when an incorrect legal standard was applied, manifest error was committed, or the decision is contrary to the overwhelming weight of the evidence.” Duplantis v. State, 644 So.2d 1235, 1243 (Miss.1994) (citing Willie v. State, 585 So.2d 660, 665 (Miss.1991) (overruled on other grounds)).
ANALYSIS
¶ 11. Prior to trial, Williams attempted to suppress his confession. The trial court denied the motion. The trial court found Williams knowingly, intelligently, and voluntarily waived his Miranda rights and made the incriminating statements. Williams contends this was error.
¶ 12. When a criminal defendant objects to the admission of his confession, arguing it was involuntary, the trial court must conduct a hearing outside the presence of the jury. Cox v. State, 586 So.2d 761, 764 (Miss.1991). At the hearing, the burden is on the State to prove voluntariness beyond a reasonable doubt. Id. at 763. The State may meet this burden and establish its prima facie case by presenting the testimony of a witness with personal knowledge — -which will usually be a police officer who was present when the confession was made — that the confession was voluntarily given, without any coercion, threats, or offers of reward. Id. If that is done, the defendant must show otherwise. Id. The trial judge sits as the finder of fact, weighs the evidence, and ultimately decides whether the State has met its burden. Jackson v. State, 778 So.2d 786, 789 (¶ 16) (Miss.Ct.App.2001). If the trial judge finds the confession was voluntary, we must affirm if the correct legal standard was applied and the finding was supported by the evidence. Cox, 586 So.2d at 763.
¶ 13. Here, the trial court applied the correct legal standard, and its finding was supported by the evidence. At the pretrial hearing, the State presented testimony from Officer Joel who was present during the confession. Officer Joel testified he read Williams his Miranda rights, and Williams signed a waiver of those rights. Officer Joel stated that Williams appeared to understand his rights at the time he was questioned. Officer Joel testified Williams was responsive to his questions, and Williams even offered a defense to the crime. Williams freely offered that he believed Ann to be eighteen years old. Although Williams has an undisputed low IQ, the Mississippi Supreme Court has held that “[t]he mild mental retardation of the defendant does not render a confession *808 per se involuntary; rather, the defendant’s mental abilities are but one factor to be considered.” Harden v. State, 59 So.3d 594, 605 (¶ 26) (Miss.2011).
¶ 14. Williams relies on the evidence that he has a Full Scale IQ of 53. Williams also points to the statements from the Mississippi State Hospital doctors indicating they could not form an opinion to whether he was competent to waive his constitutional rights with Officer Joel. However, the doctors unanimously found Williams was able to waive his constitutional rights and to stand trial. Williams’s mother testified at the pretrial hearing that Williams does not live alone and he has difficulty understanding things. She testified that he is able to handle basic life tasks such as dressing and bathing himself. Faced with these competing versions of events, the trial court found the officer’s testimony was credible. As this Court has previously stated, determining the credibility of witnesses and weighing the evidence is a role for the trial judge in a suppression hearing, and we give deference to his factual findings. Jackson, 778 So.2d at 789 (¶ 16).
¶ 15. The dissent finds the doctors’ inconclusive reports and Williams’s mother’s testimony as overwhelming evidence that the confession was involuntary. The dissent quotes a portion of Dr. Macvaugh’s report regarding Williams’s functional capacity. However, Dr. Macvaugh’s did not conclusively state that Williams lacked the capacity to waive his constitutional rights at the time of his interview with Officer Joel. In fact, Dr. Macvaugh’s report went on to qualify the quoted statement by the dissent and stated:
Although he claimed during this evaluation that he did not understand his rights when he made a statement to law enforcement, the defendant appeared to have a least some basic familiarity with these rights and was able to spontaneously recite some of the standard wording. However, his actual understanding of these rights, i.e., comprehension of the terms and phrases used in the Miranda warnings; appreciation of the role of defense counsel in the situation, etc., appeared rather limited because of intellectual disability and his lack of experience in these situations (as evidenced by his confusion regarding the terms “appeal” and “appoint”). Assessment of his capacity in this regard is further complicated by his apparent attempts to retrospectively malinger memory deficits for the time period in which he made a statement to law enforcement officials.
¶ 16. Due to Williams’s ability to malinger memory defects, offer a defense freely to his crime, his mother’s testimony that Williams performs his basic life tasks by himself, and Officer Joel’s testimony that Williams understood his rights, we cannot find overwhelming evidence that Williams did not voluntarily waive his rights. The appellant in this circumstance has a “heavy burden in attempting to reverse [a circuit judge’s determination in a preliminary hearing that a confession is admissible] on appeal.” Applewhite, 753 So.2d at 1041 (¶ 10). Further, we must affirm if the correct legal standard was applied and the finding was supported by the evidence. Cox, 586 So.2d at 763. We find the evidence supports the circuit judge’s finding that the confession was voluntary and that Williams did not meet his burden of proof on appeal.
¶ 17. Because the circuit court applied the correct legal standard and the findings were supported by the evidence, we affirm the circuit court’s denial of Williams’s motion to suppress his confession.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF BOLIVAR *809 COUNTY OF CONVICTION OF SEXUAL BATTERY AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO BOLIVAR COUNTY.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, CARLTON MAXWELL AND FAIR, JJ., CONCUR. RUSSELL, J., DISSENTS WITH SEPARATE WRITTEN OPINION.

. To protect the identity of the victim and her family, we use a fictitious name.

. At the suppression hearing, Williams’s IQ was stated as 52; however, his medical records show his Full Scale IQ to be 53.